**J. G. SHOTWELL, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15563.**

United States Court of Appeals
Ninth Circuit.

March 24, 1958.

Rehearing Denied May 1, 1958.

Zundel, Danz, Brain & Isaac, Seattle, Wash., Meredith M. Daubin, Washington, D. C., for appellant.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Arthur I. Gould, Richard M. Roberts, Attorneys, Department of Justice, Washington, D. C., Charles P. Moriarty, U. S. Atty., Seattle, Wash., for appellee.

Before HEALY, POPE, and CHAMBERS, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from an adverse judgment in a suit by appellant for the refund of taxes. The taxes were exacted by the United States under purported authority of § 3475 of the Internal Revenue Code of 1939, as added by § 620(a) of the Revenue Act of 1942, 26 U.S. C.A. § 3475, relating to the transportation of property. In relevant part this provision reads:

"(a) Tax. There shall be imposed upon the amount paid * * for the transportation of property by rail, motor vehicle, water, or air from one point in the United States to another, a tax equal to 3 per centum of the amount so paid, * * *. Such tax shall apply only to amounts paid to a person engaged in the business of transporting property for hire * * *.

* * * * * *

"(c) Returns and payment. The tax imposed by this section shall be paid by the person making the payment subject to the tax. * * "

There is no dispute concerning the facts of the case. In 1948 the United States was engaged in the construction of the McNary Dam on the Columbia River. It entered into an arrangement or contract with appellant to excavate and transport coarse and fine gravel from beds owned by the government to stockpiles located at the site of the dam. The material was ultimately to be used by the general contractor in charge of building the McNary structure. The gravel beds were located on government-owned Berrian Island, which is some five miles upstream from the dam site. The actual hauling of the gravel was let by appellant to a subcontractor, who was paid 40 cents per ton for his services. All the land, including the dam site, Berrian Island, and the land between, was government owned. The gravel was dumped at the dam site in readiness for future use. Appellant's responsibility ended with the dumping. The parties stipulated that Berrian Island was within the general project or work area. However, it was not within an area which would normally be considered the area of dam construction.

Appellant paid his subcontractor some $500,600. The government assessed the 3 per cent tax on the amount, and the suit is for the recovery of the payment. The question presented is whether the movement of the material here involved constituted "transportation of property * * * from one point in the United States to another" within the meaning of the taxing act. The trial court determined the question in the affirmative and accordingly granted the government's motion for summary judgment. In doing so it relied on our decision in Getchell Mine, Inc., v. United States, 181 F.2d 987, affirming the judgment in favor of the government.

The Getchell case is very close to the present on its facts. The transportation there involved was of ore from mine to mill. The hauling covered a distance of from 200 feet to seven miles, and was all done over private roads built and maintained by the Getchell Company on its own property, except that a mile of it was constructed on land title to which was still in the United States. There, as here, the principal argument of the taxpayer was that the sort of transportation involved was not "from one point in the United States to another," as contemplated by the Act. The Getchell holding appears not to have been attacked in decisions of other circuits.

The decision below is affirmed.